## McLAIN *v.* PERNELL

[No. 29, September Term, 1969.]

*Decided November 11, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Peter G. Angelos* for appellant.

*Alva P. Weaver, III* for appellee.

BARNES, J., delivered the opinion of the Court.

Involved in this appeal is the effect of a release under seal executed by the appellant, Vernel McLain, plaintiff below in the Superior Court of Baltimore City (Ross, J.), to recover for personal injuries arising out of an

automobile accident in Baltimore City. The release was presented to McLain and Melvin C. Paul, counsel for McLain's collision carrier, American Fidelity Fire Insurance Company (American) by the United States Fidelity and Guaranty Company (U.S.F. & G.) insurer for the appellee, Henry Felton Pernell, defendant below, on the back of a draft for $289.84 payable to McLain and his collision insurer, American. The release was duly signed and sealed by McLain, his insurer, and Mr. Paul. In specific terms, it released claims for both personal injuries and property damages resulting from the accident.

The facts, presented by the affidavits offered on behalf of the plaintiff in opposition to the defendant's motion for summary judgment and by the draft and release itself, are as follows: The automobile of the plaintiff McLain was involved in a collision with the automobile of the defendant Pernell on Mulberry Street in Baltimore City on August 29, 1965. On October 12, 1965, Mr. Paul notified U.S.F. & G. that McLain had suffered property damages of $239.84 to his automobile as a result of the accident. Shortly thereafter, Mr. Paul forwarded to U.S.F. & G. a "Proof of Loss and Subrogation Statement" together with a repair estimate from the C & W Body and Fender Shop. After receipt of this data, U.S.F. & G. issued the draft already mentioned on the face of which set forth the date of the accident and on the back of which was the following:

"RELEASE

By the acceptance and endorsement of this draft, it is agreed that said draft is in full and final settlement of any and all liability and claims of whatsoever kind or nature against the person, firm or corporation covered under the terms of the policy as an insured and/or the UNITED STATES FIDELITY AND GUARANTY COMPANY as insurer, because of *personal injuries* or damage to property resulting

or to result from an accident which occurred on or about the date stated on the face hereof. SIGNED, SEALED and DATED Nov. 4, 1965" (Emphasis added.)

As already stated, Mr. McLain and American duly executed this release and after each signature affixed: "(Seal)." Mr. McLain consulted his own attorney prior to the execution of the release. The draft was also endorsed "Melvin C. Paul, Atty."

Mr. McLain filed his action on December 23, 1966, to recover for personal injuries alleged to have been sustained as a result of the accident of August 29, 1965. The defendant Pernell, on July 18, 1967, filed the general issue plea and a special plea of release. On the same day, Pernell filed a motion for summary judgment reciting that there was no genuine dispute as to any material fact and that the defendant was entitled to judgment as a matter of law; the motion recited the execution of the release and attached a copy of the draft and accompanying release already mentioned.

The plaintiff McLain filed an answer to the motion together with his supporting affidavit and an affidavit of Selig A. Wolfe, an attorney in the office of counsel for Mr. McLain. In summary, these affidavits indicate that McLain, his counsel and Mr. Paul all believed that the U.S.F. & G. draft-release only pertained to *property damages* and that *personal injuries* were never discussed in negotiations with U.S.F. & G. prior to the issuance of the draft. After a hearing on November 20, 1968, on the defendant's motion for summary judgment, the lower court gave the plaintiff an additional 15 days to file supplemental affidavits in order to offer proof, if he could, that the defendant or someone representing him, had affirmatively represented that the release was for property damage only. Although a supplemental affidavit and additional exhibits were filed, there was no statement under oath that such a representation had been made.

On January 21, 1969, the lower court filed an opinion

which after reciting the prior proceedings, the filing of the supplemental affidavit and additional exhibits, and the absence of a statement of any representation by the defendant or his representatives that the release was for property damage only, stated:

> "The release on the reverse side of the check in clear and unambiguous language specifically covers personal injuries as well as damage to property and in the absence of evidence of misrepresentation or fraud on the part of the defendant or someone representing him, it is a complete defense to the within action. Therefore, the defendant's Motion for Summary Judgment is hereby granted and the clerk will be requested to enter judgment for costs in favor of the defendant."

From the judgment for the defendant for costs entered on January 21, 1969, the plaintiff took a timely appeal to this Court.

We have concluded that the granting of the summary judgment for the defendant for costs was correct and we shall affirm the judgment.

It is apparent that "personal injuries" arising out of the accident of August 29, 1965, were specifically included in the language of the release under seal executed on November 4, 1965. The release being complete and unambiguous, parol evidence is inadmissible as a matter of substantive law to vary, alter or contradict it in the absence of fraud, accident or *mutual* mistake. As Judge (now Chief Judge) Hammond stated for the Court in *Glass v. Doctors Hospital,* 213 Md. 44, 57-58, 131 A. 2d 254, 261 (1957):

> "We think the chancellor was clearly justified in refusing to hear extrinsic evidence as to what the appellant intended the release to mean or what he thought it was intended to cover. Stated broadly, the rule is that as a matter of

> substantive law, parol evidence is inadmissible to vary, alter or contradict a writing which is complete, unambiguous and valid, where no fraud, accident or mistake is claimed."

* * *

> "In *Ray v. Eurice,* 201 Md. 115, 125, 127, we said that absent fraud or duress, '* * * if a contract has been integrated, it may not be varied by parol in the absence of mutual mistake, nor will it be rescinded or redrafted by the Court if one of the parties finds that he has made a bad deal or has become dissatisfied with its provisions. * * * Finally, where there has been an integration of an agreement, those who executed it will not be allowed to place their own interpretation on what it means or was intended to mean. The test in such case is objective and not subjective.' "

We quoted the above language from *Glass* and followed the decision in that case in *Pemrock, Inc. v. Essco Co., Inc.,* 252 Md. 374, 380-81, 249 A. 2d 711, 715 (1969), a case in which a release under seal, releasing The New Castle Mutual Insurance Company [which had insured two prefabricated chicken houses against loss resulting from windstorm] "and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions * * * resulting * * * from the accident * * * which occurred on or about the 30th day of January, 1966 * * *" etc., had also released the companies which had erected and supplied materials for two prefabricated poultry houses. See also *Peters v. Butler,* 253 Md. 7, 251 A. 2d 600 (1969) in which we held that in a suit to reform a general release to all mankind, the evidence did not establish a mutual mistake of the parties.

As we have already observed, there was no evidence purporting to establish fraud, accident or mutual mis-

take. The plaintiff McLain was given an additional opportunity by Judge Ross to try to state in a supplemental affidavit that the defendant Pernell, or some representative of his, had represented that the release was confined to property damages only, but no such statement was made. There was no evidence whatever to show that the defendant did not understand that the release meant exactly what it said and hence there was no evidence to show a mutual mistake. *Peters v. Butler, supra.* There was no evidence of fraud, accident or duress. The plaintiff consulted his own counsel prior to executing the release. The release was, therefore, effective to bar the plaintiff's claim for personal injuries as well as the claim for property damage.

*Judgment affirmed, the appellant to pay the costs.*