Abraham WILLIAMS, Administrator of the Estate of Betty L. Williams, Deceased, and Abraham Williams, Surviving Parent of Betty L. Williams, Deceased, and Abraham Williams, Individually and in his own right, Appellants,

v.

The ANNAPOLIS EMERGENCY HOSPITAL ASSOCIATION, INC., trading as the Anne Arundel General Hospital, and Walter E. Landmesser, M.D., and Edwin Davis, Jr., M.D., and John A. Genweiler, Jr., M.D., and Robert W. Frazier, M.D., Appellees.

No. 14565.

United States Court of Appeals, Fourth Circuit.

Dec. 18, 1970.

---

1. The witness was a codefendant with Whitaker and had pleaded guilty to the offense.

**1302**

Roland Walker, Walker & Smelkinson, Baltimore, Md., Koozman & Hartman, New York City (Edwin Shapiro, Baltimore, Md., on the brief), for appellants.

John H. Mudd, Cleaveland D. Miller, Semmes, Bowen & Semmes, Baltimore, Md., for appellees The Annapolis Emergency Hospital Ass'n, Inc., and Edwin Davis, Jr.

M. King Hill, Jr., Smith, Somerville & Case, Baltimore, Md., for appellee Robert W. Frazier.

Frederick J. Green, Jr., Baltimore, Md., for appellee Walter E. Landmesser.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

In this diversity jurisdiction tort action, appellants seek damages for injuries sustained as the result of the alleged negligence and malpractice of the defendant doctors and hospital during treatment following an automobile accident. Appellants have a satisfied judgment against the driver of the other car involved in the accident.

At a hearing in the district court on defendants' motions for summary judgment, which were subsequently granted, the appellants admitted that the injuries for which they seek these damages are an aggravation of the injuries sustained in the accident for which they have already recovered. The applicable law, the law of Maryland, is that a satisfied judgment against the original tortfeasor bars judgment against concurrent tortfeasors. Grantham v. Board of County Commissioners, 251 Md. 28, 246 A.2d 548 (1968); Trieschman v. Eaton, 224 Md. 111, 166 A.2d 892 (1961). Appellants argue that the subsequent case of Kyte v. McMillion, 256 Md. 85, 259 A.2d 532 (1969), changes the Maryland rule. We think not. In *Kyte*, the injuries arising out of the negligence of the hospital and its nurse were "wholly divisible" from those resulting from the automobile accident. 256 Md. at 99, 259 A.2d at 538. That is not the case here. Williams' claim against the doctors and hospital does not arise from a divisible injury, but from the same injury. Accordingly, we dispense with oral argument and affirm.

Affirmed.