Julie STEFAN

v.

CHRYSLER CORPORATION.

Civ. A. No. N–78–1919.

United States District Court,
D. Maryland.

April 24, 1979.

Ronald W. Parker, White Marsh, and Joseph M. Guida, Baltimore, Md., for plaintiff.

Frank J. Vecella, Baltimore, Md., for defendant.

NORTHROP, Chief Judge.

The sole basis for jurisdiction of this automobile tort action is diversity of citizenship. 28 U.S.C. § 1332. The plaintiff, Julie Stefan, is a citizen of Maryland. The defendant, Chrysler Corporation, is incorporated in Michigan and is alleged to have its principal place of business "in a state other than the State of Maryland." *Plaintiff's Complaint*, filed October 6, 1978.

The facts, as alleged in the pleadings, are as follows: On May 30, 1976, the plaintiff was driving her Dodge Dart (manufactured by the defendant) in Baltimore County, Maryland. While waiting to make a left turn, the car behind her was hit by a car driven by George Gilbert. The impact was strong enough to cause the car behind plaintiff to strike plaintiff's car. Plaintiff was thrown forward and struck her left knee on "the protruding handle of the parking or emergency service brake." *Plaintiff's Complaint*, filed October 6, 1978.

The plaintiff negotiated a settlement with George Gilbert and his insurer, Nationwide Insurance Company. That settlement resulted in plaintiff signing a release, entitled Release of All Claims, which reads, in pertinent part:

FOR AND IN CONSIDERATION OF the payment to me/us of the sum of

($16,695 28/xx) <u>Sixteen thousand six hundred ninety five and 28/100</u> Dollars, and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge <u>George A. Gilbert and Nationwide Ins. Co.</u> and any other persons, firms and corporations, whether herein named or referred to or not, of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, third party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries, death and/or property damage resulting or to result from an accident that occurred on or about the <u>30th</u> day of <u>May 1976</u> at or near <u>Old Eastern Ave.</u>

*Attachment to Defendant's Motion for Summary Judgment*, filed February 14, 1979 (underlined portion is handwritten; the remainder is a printed form). The release is dated February 22, 1978 and is signed by the plaintiff and her attorney, Ronald W. Parker. There is no allegation that this release was obtained by fraud, duress, or any other improper means.

Plaintiff now seeks to sue defendant for negligence in designing the parking brake handle and breach of warranty. Defendant has moved for summary judgment on the ground that the release set out above bars this suit. Plaintiff argues that the release should be construed narrowly to only bar claims against Gilbert and Nationwide, not to preclude suit against Chrysler, who was not a party to the release.

█ Since this is a diversity case, this Court must apply Maryland law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Maryland cases on this point are clear. A general release, such as this one, will operate to release all defendants. The case most directly on point is *Pemrock, Inc. v. Essco Co.*, 252 Md. 374, 249 A.2d 711 (1969). In that case, Pemrock's prefabricated poultry houses collapsed in a snowstorm. Pemrock sued its insurer, the manufacturer of the houses, and the builder. Pemrock eventually settled with its insurer and signed a release similar to the one in this case. Despite abundant evidence that Pemrock had intended to release only the insurer, the Court of Appeals of Maryland held that the "release in favor of all mankind" was effective to bar claims against the manufacturer and the builder.

The *Pemrock* case is similar to this one not simply because of the wording of the release, but also because the liability of each defendant was based on a different legal theory. It is implicit in *Pemrock* that all defendants will be released by a broad general release even if their alleged tortious acts are completely unrelated. Again, in *Peters v. Butler*, 253 Md. 7, 251 A.2d 600 (1969), the Court of Appeals of Maryland reiterated that even a party who paid nothing for a release and was not specifically mentioned in it will be released if the language of the document is broad enough. *See also McLain v. Pernell*, 255 Md. 569, 258 A.2d 416 (1969); *Glass v. Doctors Hospital, Inc.*, 213 Md. 44, 56–61, 131 A.2d 254 (1957).

Plaintiff in the present case argues that the strict "common law rule" of *Pemrock* and *Peters* should be tempered because 1) Maryland has adopted the Uniform Contribution Among Tortfeasors Act, Md.Ann. Code art. 50, §§ 16–24, and 2) the "modern trend" is to examine the intent of the parties when they executed the release. Neither of these reasons is convincing.

The part of the Uniform Act that plaintiff points to is § 19 of the Maryland Code version:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides
> · . . . .

Plaintiff argues that this language somehow modifies the rule set forth in *Pemrock* and *Peters*. It should be noted initially

that this Act has been in effect in Maryland since 1941, long before the *Pemrock* and *Peters* cases were decided. *See* 1941 Md. Laws, ch. 344. Moreover, the Court of Appeals in *Peters* specifically considered the language of the Act and held that "a general release to all mankind" barred further suit against unnamed defendants. *See Peters v. Butler, supra* 253 Md. at 9–10, 251 A.2d 600, 602.[1]

If there is indeed a "modern trend" toward analyzing the intent of the parties, plaintiff has not shown that the Maryland courts are at all interested in adopting it. The only authorities plaintiff cites are two 1958 cases, one applying West Virginia law, *Mayle v. Criss*, 169 F.Supp. 58 (W.D.Pa. 1958), and one applying New Jersey law, *Breen v. Peck*, 28 N.J. 351, 146 A.2d 665 (1958).

The only indication this Court can find that Maryland might be leaning toward a different rule is in *Kyte v. McMillion*, 256 Md. 85, 259 A.2d 532 (1969). In *Kyte*, the plaintiff sustained injuries in an auto accident, then was taken to a hospital where she was negligently given a small quantity of the wrong type of blood. The damages caused by the improper transfusion were of a completely different character than those caused by the auto accident. The plaintiff settled with the hospital and signed a general release. The defendant in the automobile action aspect of the case sought to use the release given to the hospital to bar any claims against himself. The court held that the release was effective only as to the hospital.

The *Kyte* case is distinguishable from this one for at least two reasons. The first is that the two injuries to Ms. Kyte were "wholly divisible." As the Court of Appeals noted:

[W]hile we shall adhere to the rule that "there can be but one satisfaction for the same injury" it would be a gross distortion of both the English language and the facts of this case to say that Edna's broken bones and the dyscrasia of her blood are the "same injury."

*Kyte v. McMillion, supra.*at 99, 259 A.2d at 539. In the present case, the plaintiff is clearly suing two defendants for the "same injury."

The second difference between the facts in *Kyte* and the present case is the wording of the release. In *Kyte*, the release only purported to cover damages caused:

as the result of and by reason of *treatment rendered to the said EDNA ARLENE KYTE, infant, at UNION MEMORIAL HOSPITAL commencing on January 3, 1967 and thereafter, specifically including but not limited to a transfusion of blood.*

*Id.* at 90, 259 A.2d at 534 (emphasis in original). The release signed by Ms. Stefan was all-inclusive and, by its terms, covered all injuries resulting from the May 30, 1976 accident on Old Eastern Ave.

This Court is especially reluctant to consider the *Kyte* case as the harbinger of a trend because of the last paragraph of that case: "It should be understood, however, that the decision announced herein goes no further than the unusual facts and circumstances of this case." *Id.* at 109, 259 A.2d at 543; *see Williams v. Annapolis Emergency Hosp. Ass'n*, 435 F.2d 1301 (4th Cir. 1970); *Bell v. Allstate Ins. Co.*, 265 Md. 727, 291 A.2d 478 (1972); *Sullivan v. Miller*, 26 Md.App. 189, 201, 337 A.2d 185 (1975).

To the extent that the plaintiff asks this Court to make new Maryland law, this case is an inappropriate vehicle. This Court's function in a diversity action is to determine how the Maryland Court of Appeals would likely decide the case. *See Louthian v. State Farm Mutual Ins. Co.,*

---

1. The Fifth Circuit, in *Morison v. General Motors Corp.*, 428 F.2d 952 (5th Cir.), *cert. denied*, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970), explains the policy reasons for allowing an unnamed defendant to have the benefit of a general release, especially in light of the Uniform Act. The defendant who originally procures the release gains nothing if the plaintiff can sue other joint or concurrent tortfeasors. In such a case, the original defendant is left open to claims for contribution and/or indemnity and winds up having to litigate the case anyway. *See* Md.Ann.Code art. 50, § 20.

493 F.2d 240, 242 (4th Cir. 1973). There is some room for a federal court to determine trends in the forum state's law. *See Bernhardt v. Polygraphic Co. of America*, 350 U.S. 198, 205, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 851 (2d Cir. 1967); 1A Moore's Federal Practice ¶ 0.309[1] (1978). However, there is no basis to do so in this case. The controlling Maryland cases are barely ten years old, the cases are almost squarely on point, and there is nothing in later cases to indicate an impending change. This Court could not ignore clear state law, even if it were convinced that that law is unwise or out of step with other states. *See Progressive Enterprises, Inc. v. New England Mutual Life Ins. Co.*, 538 F.2d 1057, 1060 (4th Cir.), *cert. denied*, 429 U.S. 897, 97 S.Ct. 261, 50 L.Ed.2d 181 (1976).

Based on Maryland law, this Court concludes that the release plaintiff signed on February 22, 1978 bars this action. The defendant's motion for summary judgment will be granted by a separate Order.