7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Peter SINELLI, Jr., Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 93-1183.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 19, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-92-1618-H)
 Michael Marshall, Henry Belsky, Schlachman, Belsky & Weiner, P.A., Baltimore, Maryland, for Appellant.
 John M. Thomas, Ford Motor Company, Dearborn, Michigan; Deborah M. Russell, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John Sinelli appeals the district court's entry of summary judgment in favor of Ford Motor Co. (Ford) in this action claiming that a safety belt which Sinelli was wearing at the time of a traffic accident failed to function, resulting in physical injuries. We agree with the district court that recovery from Ford is precluded by a release agreement between Sinelli and the driver of the vehicle with which Sinelli's Ford Bronco collided. Accordingly, we affirm.
 
 
 2
 On June 15, 1989, a vehicle driven by Marsha Redd struck Sinelli's Bronco. Redd was clearly at fault. Evidently, the seat belt which Sinelli was wearing at the time of the accident did not properly restrain him. He suffered injuries to his back, neck, right knee, and right shoulder.
 
 
 3
 Sinelli sued Redd in state court. The parties settled, and on November 8, 1990, Sinelli signed a release agreement which, in exchange for $93,000, released Redd and her mother, Diana, from further responsibility. The release agreement stated:
 
 
 4
 I ... release, acquit and forever discharge Marsha Lynn Redd and Diana Lynn Redd and any and all other persons, firms and corporations, whether herein named or referred to or not, of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, third party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries, death and/or property damage resulting to or to result from an accident that occurred on or about the 15th day of June, 1989.
 
 
 5
 Sinelli subsequently initiated the instant action against Ford. The district court concluded that the Sinelli/Redd release also released Ford from liability, and the court entered summary judgment for Ford.
 
 
 6
 "A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides...." Md. Code Ann. art. 50, § 19 (1991). In Maryland, joint tortfeasors are statutorily defined as "two or more persons jointly or severally liable in tort for the same injury to person or property." Md. Code Ann. art. 50,s 16(a) (1991). In this case, Sinelli sustained injuries at once as a result of Redd's careless driving and an apparent defect in the safety belt he wore at the time of the accident. In similar Maryland cases, parties in Redd's and Ford's position have been found to be joint tortfeasors. See White v. General Motors Corp., 541 F. Supp. 190, 191-92 (D. Md. 1982); Stefan v. Chrysler Corp., 472 F. Supp. 262, 263-64 (D. Md. 1979). Clearly, Redd and Ford were joint tortfeasors.
 
 
 7
 The plain, unambiguous terms of the Sinelli/Redd release also release Ford. In Stefan, a case very similar to the instant action, the virtually identical release of the driver of the car which collided with the plaintiff's car was also found to release the manufacturer of the plaintiff's car. Id. at 263. See also Peters v. Butler, 251 A.2d 600, 602 (Md. 1969).
 
 
 8
 The more recent decision in Morgan v. Cohen, 523 A.2d 1003 (Md. 1987), does not compel a different result. Morgan is factually distinguishable from the instant case because it involved a subsequent, as opposed to a joint, tortfeasor. Indeed, the Morgan court took pains to point out this distinction. The court emphasized that it addressed a situation quite different from that in White, Stefan, and Peters, where there was a single harm to the plaintiff. Id. at 1010.
 
 
 9
 We accordingly find that the district court properly determined that the Sinelli/Redd release also released Ford from liability. As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED