**Darin BURNS, et al., Plaintiffs**

v.

**GENERAL MOTORS CORPORATION, Pontiac Division, Defendant.**

**Civil No. AW–96–1753.**

United States District Court, D. Maryland.

Dec. 17, 1996.

Claudia Adeline Barber, Laurel, Maryland, for plaintiffs.

Joel A. Dewey, and Harold Bruce Dorsey, Baltimore, Maryland, for defendant.

### MEMORANDUM OPINION

WILLIAMS, District Judge.

Before the Court is Defendant General Motors Corporation's Motion for Summary Judgment—Releases. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the reasons stated below, the Court will grant this motion.

### Background

This case arises from a two-car accident that occurred in Temple Hills, Maryland on August 26, 1995. Plaintiffs were rear seat passengers in a 1990 Pontiac which collided with a car driven by Tanya Jefferson. The 1990 Pontiac was manufactured by General Motors Corporation, Defendant in the immediate proceeding. In this action, Plaintiffs allege that when the 1990 Pontiac was manufactured, the rear seat belt assembly was never actually bolted to the vehicle. Plaintiffs claim that because of this, they were not adequately protected in the accident. Plaintiffs also allege that General Motors knew or should have known that others had made similar complaints that such seat belts were detaching or unattached in situations like Plaintiffs'.

Defendant's present Summary Judgment motion does not directly address the substance of this allegation, but rather it concerns a release executed by Plaintiffs on May 9, 1996, in conjunction with Plaintiffs' settlement of their claims against Tanya Jefferson. These two identical releases were entitled "Release of All Claims," and contained the following:

> I do hereby release and forever discharge Tanya Jefferson **and any other person, firm, or corporation charged or chargeable with responsibility or liability,** their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 26th day of August 1995, at or near Wheeler Road.

Defendant alleges that these releases bar Plaintiffs from bringing any claims against General Motors Corporation.

On November 9, 1996, Plaintiffs executed "amended" releases, which reserve plaintiffs claims against General Motors and which specifically state that they supersede all previous releases. Defendants argue that these amended releases, executed for no additional consideration, are not valid. Plaintiffs claim that these amended releases are controlling and, in the alternative, that the Court should deny this Summary Judgment motion based on the equitable doctrine of "unclean hands." The Court will address these arguments in turn.

### Summary Judgment Principles

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (citations omitted). *See*

*also Bland v. Norfolk and Southern Railroad Co.,* 406 F.2d 863, 866 (4th Cir.1969).

In determining whether genuine and material factual disputes exist, resolution of which requires trial, the Court has reviewed the parties' respective memoranda and the exhibits attached thereto, construing all facts, and all reasonable inferences drawn therefrom in the light most favorable to the Defendant. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Applying these principles to the record in this case, the Court concludes that summary judgment for the Defendant.

### Discussion

Plaintiffs have not attempted to argue that the original releases did not bar their present claims against General Motors. Under Maryland law, which is controlling in this case, it is clear that the original releases as constructed bar Plaintiffs' claims against General Motors. *See Pemrock, Inc. v. Essco Co., Inc.,* 252 Md. 374, 380, 249 A.2d 711 (1969); *Peters v. Butler,* 253 Md. 7, 10, 251 A.2d 600 (1969); *Stefan v. Chrysler Corp.,* 472 F.Supp. 262 (D.Md.1979) (Northrop, D.J.), aff'd 622 F.2d 587 (4th Cir.1980); *White v. General Motors Corp.,* 541 F.Supp. 190 (D.Md.1982) (Kaufman, D.J.).

Consequently, the issue before the Court is whether Plaintiffs' amended releases can negate the original releases' provisions regarding claims against potential defendants other than Tanya Jefferson. In ruling on a case out of the District of Maryland, the Fourth Circuit analyzed Maryland law in the similar case of *Auer v. Kawasaki Motors Corp.,* 830 F.2d 535 (4th Cir.1987), *cert. denied* 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 236 (1988). The plaintiff in *Auer* sued Kawasaki after plaintiff's Kawasaki motorcycle collided with a garbage truck. In settling with the owner of the truck, the plaintiff had executed a general release which discharged "all other persons, firms and corporations." *Id.* at 536–37. After Kawasaki moved for summary judgment pursuant to this release, the plaintiff executed an amended release preserving plaintiff's claims against Kawasaki. *Id.* at 539. The Fourth Circuit reject-

ed this attempt by plaintiff to change the effect of the original release, holding that "While a releasee may consent to the recreation of a cause of action against it, two parties of a release may not recreate a discharged cause of action against a third party without the third party's consent." *Id.*

Plaintiffs argue that they were free to amend the release absent additional consideration because Defendant is a third party beneficiary and as such is only protected from the effects of such amendment if it can prove that the parties intended for the contract to benefit Defendant. However, in the *Auer* case, the Fourth Circuit explicitly held to the contrary. The *Auer* release applied to "all ... corporations who might be liable" for Auer's injuries, and the Fourth Circuit held that "under the unequivocal language of the original release, Kawasaki can only be considered an 'intended beneficiary.'" *Id.* at 539. Based on this, the Fourth Circuit held that Kawasaki's filing for summary judgment "act[ed] as an equivalent bar to modification" of the release, since "the power to modify the benefit accruing to such a beneficiary [as Kawasaki] terminates when the beneficiary 'brings suit on' the promise." *Id.,* citing Restatement (Second) of Contracts § 311(3) (1981). In the present case, Defendant General Motors Corporation filed its summary judgment motion on November 6, 1996, and plaintiffs executed their "amended releases" on November 9, 1996. As the Fourth Circuit ruled in *Auer,* Maryland law therefore bars such amended releases from modifying the benefit afforded to Defendant by the original releases. Plaintiffs argue that the language of the amended releases in the case at bar differs from the language of the amended release in *Auer.* Memorandum in Support of Plaintiff's Sur-reply at 3. However, this is immaterial, for the Fourth Circuit's ruling was not based on any insufficiency in the language of the amended release in *Auer.* Rather, the Fourth Circuit held that the effect which plaintiffs seek is simply barred by Maryland law under such circumstances.

Finally, Plaintiffs argue that "it is the language of the release that controls," and cite two 1994 Maryland cases in support of this assertion. While it is indeed true that the

language of a release is central to its effect, and while these cases do demonstrate this, neither case addresses the issue of whether an "amended release" is valid under the facts at bar. In *Anne Arundel Medical Center, Inc., v. Condon,* 649 A.2d 1189 (1994), the Maryland Court of Special Appeals ruled on the question of whether a medical center and a pathologist employed there were joint tortfeasors or whether the medical center's liability was solely vicarious and therefore covered by a release executed between plaintiff and defendant pathologist. Plaintiffs Burns cite language from this case stating that in a case involving joint tortfeasors, "each tortfeasor faces liability for his or her own wrongdoing." Plaintiffs' Sur-reply Memorandum at 5. However, the *Anne Arundel Medical Center* case did not involve any type of general release, as the release in that case only applied to one defendant. Thus, Plaintiffs' argument would only be relevant to the case at bar if the Court were to accept as controlling Plaintiffs' "amended releases," which likewise were not general releases. However, as explained above, Maryland law prohibits the Court from so doing, and thus Plaintiffs' argument proves inadequate.

Plaintiffs also cite *Cupidon v. Alexis,* 643 A.2d 385, 335 Md. 230, 233–34 (1994), in arguing that the language of the release controls its effect. However, as Plaintiffs themselves acknowledge, the Court in *Cupidon* explicitly distinguishes that case from *Pemrock Inc. v. Essco Co.,* 252 Md. 374, 249 A.2d 711 (1969). The releases in *Pemrock* were, in Plaintiffs' own words, "similar to the original releases used in the case at bar" (Plaintiffs' Sur-reply Memorandum at 6), and the Court in *Pemrock* found them thereby sufficient to release the defendant. Thus, Plaintiffs do not attempt to analogize their original release to the release in *Cupidon.* Rather, Plaintiffs' reliance on *Cupidon* is premised on Plaintiffs' argument that their amended release should be controlling. As discussed above, however, this is contrary to Maryland law, as explicated in *Auer.*

Plaintiffs' other argument concerning *Cupidon* also fails to provide persuasive authority for why the amended release should be controlling. Plaintiff cites *Cupidon* in asserting that a release is not the same as a satisfaction, and a release of one tortfeasor does not necessarily release others. This argument would be appropriate for addressing why the "amended release" (which does not have the original's general release provision) might not automatically release Defendant. However, nothing in this argument challenges the Court's conclusion that the amended release is not controlling under Maryland law, or provides a reason why the Court should overlook the language of the original release. Consequently, Plaintiffs' reliance on *Cupidon* proves unfruitful. In short, Maryland law prevents the Court from accepting Plaintiffs' amended releases as controlling, and the language of the original releases bar claims against Defendant General Motors Corporation.

█ Plaintiffs' alternate argument is that even if the amended releases are not controlling, the doctrine of "unclean hands" should preclude Defendant from prevailing in its Summary Judgment Motion. Plaintiffs cite the Fourth Circuit case of *Lawler v. Gilliam,* 569 F.2d 1283 (4th Cir.1978), in which the Court considered the defense of unclean hands in the context of the enforcement of securities laws. The Fourth Circuit adopted the standard that "the question must be one of policy: which decision will have the better consequences in promoting the objective of the laws [protective] laws by increasing the protection to be afforded the investing public.... Common law technicalities are to be avoided." *Id.* at 1292 (citations omitted). Plaintiffs at bar argue that the Court should apply this doctrine to the realm of products liability. Specifically, Plaintiffs assert that General Motors' failure to issue its recall notice sooner, or to take action to prevent defective rear seat belts from reaching the market, is so contrary to the intent of Maryland's Consumer Protection law and public policy that the doctrine of "unclean hands" should bar Defendants from attaining summary judgment.

The Court has considered this argument, and has concluded that the facts of this case are not sufficiently compelling to warrant invocation of this doctrine. As discussed above, Maryland law requires that Plaintiffs'

original release be controlling, and the Court does not believe that the facts of this case justify the Court's departing from this result on the basis of public policy. For these reasons, the Court is not persuaded by Plaintiffs' argument that the doctrine of "unclean hands" should bar the Summary Judgment ruling to which Defendants are otherwise entitled.

Accordingly, the Court will grant Defendant's Motion for Summary Judgment—Releases.