## BROWN *v.* SUBURBAN CADILLAC, INC.

[No. 195, September Term, 1970.]

*Decided January 5, 1971.*

252

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*John T. Bell,* with whom were *Charles W. Bell, Frank S. Cornelius* and *Bell & Bell* on the brief, for appellant.

*James A. Sullivan,* with whom were *McInerney, Layne & McCormick* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

Prior to the litigation which gave rise to this appeal, the appellant (Brown) was employed by the appellee (Suburban Cadillac) as an automobile salesman, and pursuant to his employment was given an opportunity to purchase an automobile from the company at $300 above the company's cost. Brown purchased a 1970 Cadillac on or about September 26, 1969, pursuant to a "Salesman Demonstrator Plan." This plan was in contract form and was executed by Brown. Under the terms of this agree-

ment the company had the right to repurchase the automobile "at any time." If the automobile was financed, title to it was to be held by General Motors Acceptance Corporation (through whom financing was to be arranged), and if the automobile was paid for in cash by the salesman, title was to be held by Suburban Cadillac. The plan further provided:

> "8. Should any salesman, whose employment with Suburban Cadillac Company is terminated, either by his own decision or by decision of the Company, refuse to relinquish his demonstrator [automobile] when requested to do so by the Company, his signature below attesting to this agreement also gives to Suburban Cadillac Company, or a duly appointed representative and/or agent, the right to repossess said salesman's demonstrator [automobile] at any time after said refusal to relinquish said vehicle."

The contingency provided for in numbered paragraph 8 of the agreement occurred at some time early in November, 1969. At that time (a little more than a month after purchasing the Cadillac), Brown terminated his employment with Suburban Cadillac and began working for another automobile dealership in Montgomery County, Maryland. Suburban Cadillac, pursuant to paragraph 8 of the "Salesman Demonstrator Plan," made a demand for return of the automobile, and when the demand was not met, repossessed the Cadillac on November 11, 1969. Brown in turn repossessed the automobile from Suburban Cadillac's lot three days later, and in the early morning hours on November 18, 1969, appellee Suburban Cadillac again repossessed the automobile from Brown's residence.

Brown filed suit on November 26, 1969, alleging trespass de bonis asportatis of the Cadillac; the defendant (Suburban Cadillac) filed a general issue plea and a special plea stating that the vehicle had been repossessed pursuant to the provisions of a contract between the parties.

On May 11, 1970, Suburban Cadillac filed a motion for summary judgment together with an affidavit in support of the motion. Maryland Rules 610 a 1 and 610 a 3. In its affidavit the company stated that:

1. Brown had commenced employment with Suburban Cadillac on or about July 24, 1969.

2. Brown had been fully advised of his rights, duties, and obligations regarding his purchase of the 1970 Cadillac under the Salesman Demonstrator Plan.

3. Upon terminating employment, Brown had again been advised of the contract, that demand for return of the automobile was made, and that Brown "failed to relinquish same" in violation of the Salesman Demonstrator Plan, which was attached to the affidavit as Exhibit A.

Brown filed an opposition to the motion for summary judgment on May 19, 1970, and in his supporting affidavit stated that:

1. He had not been fully advised of his obligations regarding the purchase of the automobile.

2. He did not execute "the power of attorney which was a necessary part of the Salesman Demonstrator Plan."

3. He has not at all times failed to relinquish the vehicle in question.

A hearing on the motion for summary judgment was held before Judge Shure and he filed his opinion granting the motion and dismissing the case on May 26, 1970. We must decide in this appeal whether or not the granting of appellee's motion for summary judgment was proper.

The purpose of a hearing on a motion for summary judgment at the trial level is not to try the case on its merits, but rather to decide whether any real dispute as to material facts exists. *Lipscomb v. Hess*, 255 Md. 109, 118, 257 A. 2d 178 (1969). If the pleadings, depositions, admissions, and affidavits (if any) show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law, then summary judgment should be granted. Maryland Rule 610 d 1; *Groves v. Alexander*, 255 Md. 715, 719-721, 724, 259 A. 2d 285 (1969), *cert. denied* 397 U. S. 1023 (1970);

*Lawless v. Merrick,* 227 Md. 65, 69-70, 175 A. 2d 27 (1961). Conversely, if there is a genuine dispute as to any material fact, summary judgment would not properly be granted. *Hilton v. Williams,* 258 Md. 285, 289, 265 A. 2d 746 (1970); *Tellez v. Canton R. R. Co.,* 212 Md. 423, 431, 129 A. 2d 809 (1957). Cf. *Fenwick Motor Co. v. Fenwick,* 258 Md. 134, 138, 265 A. 2d 256 (1970), and cases cited therein.

An appellate court, in reviewing a motion for summary judgment, should be concerned primarily with deciding whether or not a factual issue exists, and in this regard, all inferences should be resolved against the party making the motion. *Hilton v. Williams, supra,* at 288; *Lipscomb v. Hess, supra,* at 118; *Lawless v. Merrick, supra,* at 70. Be that as it may, when the moving party has set forth sufficient grounds for summary judgment, the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact. *Foreman v. Melrod,* 257 Md. 435, 441, 263 A. 2d 559 (1970); *Fishman Const. Co. v. Hansen,* 238 Md. 418, 422-423, 209 A. 2d 605 (1965), and cases cited therein. And, the opposing party must make such a showing by facts which would be admissible in evidence. Maryland Rule 610 b; *Foreman v. Melrod, supra; Fishman Construction Co. v. Hansen, supra; Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 100, 122 A. 2d 563 (1956).[1]

---

1. It is noted that Strickler was decided prior to the adoption of the current Maryland Rules, which took effect on July 1, 1957, but inasmuch as Strickler interpreted provisions of the old General Rules of Practice and Procedure (G.R.P.P.) which do not differ in any material respect from the current Maryland Rule 610, the reasoning of that case is valid today. For a comparison of the provisions of the old rules of procedure which are pertinent to those discussed in the instant case, see Maryland Code (1951 Ed.), G.R.P.P., Part Two, IV, Rules 1 (a), 2, and 4.

In view of the rules thus stated and upon application of them to the facts revealed in the record, we are of the opinion that appellant's opposition to the motion for summary judgment was not sufficient to show any real dispute over a material fact and that the granting of the appellee's motion in the court below was proper.

Nowhere in his affidavit did Brown deny that he terminated his employment with Suburban Cadillac, that he had executed the Salesman Demonstrator Plan, or that demand had been made by Suburban Cadillac for return of the vehicle. The Salesman Demonstrator Plan, executed by the appellant, was in the record as an exhibit, and is complete, unambiguous, and regular on its face. Brown alleges generally that its provisions were not fully explained to him, but never alleges that he signed the contract under fraud, duress, or any similar condition that would render the agreement a nullity. Accordingly, he must be held to the terms of the written contract. *McLain v. Pernell*, 255 Md. 569, 572, 258 A. 2d 416 (1969), quoting from *Glass v. Doctors Hospital*, 213 Md. 44, 57-58, 131 A. 2d 254 (1957). See also 4 *Williston on Contracts* (3rd Ed.), §§ 631, 646; 17 Am.Jur.2d, *Contracts*, § 260.

Appellant Brown refers to a "power of attorney," but does not produce such a document or state any particular facts which would support the allegations made concerning its existence. Maryland Rule 610 b provides that "[s]worn, or certified or photostatic copies of all material papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith *or their absence satisfactorily explained.*" (Emphasis supplied.) Similarly, Rule 610 d 2 provides that if it appears that an opposing party "for reasons stated" cannot present in his affidavit the facts essential to his opposition, the court may deny the motion for summary judgment, may permit depositions to be taken or discovery to be had, or "may make such other order as justice may require." A person who claims the existence of a document which is material to his opposition to a motion for summary judgment, but

which document is not in his possession (the power of attorney in the case at bar), should explain in his affidavit why he cannot produce it, specifically stating his reasons, and thereby enlist the aid of the court under Rule 610 d 2. He cannot merely allude to its existence, and without more, hope to raise the specter of dispute over a material fact which would defeat the motion for summary judgment under Maryland Rule 610 d 1.

There remains but one more point, and that is Brown's contention that "he has not at all times failed to relinquish the vehicle." Suffice it to say for now that this assertion is not in harmony with the appellant's own original declaration, which recites the fact that Suburban Cadillac had twice repossessed the vehicle from him, the second time after he had removed it from Suburban Cadillac's lot.

The gravamen of the summary judgment rule, in a situation such as the one here presented, is that the opposing party must set forth, in his affidavit in opposition to the motion, such facts as would be admissible in evidence, including the production of relevant papers, which show in some detail that there is a genuine dispute regarding at least one material fact. If he is unable to do this, he must explain his inability, in which case the court, in its discretion, may take whatever steps that "justice may require" according to Maryland Rule 610 d 2.

It is never sufficient to defeat a motion for summary judgment that the opposing party allege in a general way that there is a dispute as to a material fact, and that in essence is what the appellant has done in the case at bar. The language used by former Chief Judge Prescott, speaking for the Court in *Tri-State Properties, Inc. v. Middleman*, 238 Md. 41, 207 A. 2d 499 (1965) is particularly appropriate, and states the reason for the rule that general allegations are not sufficient to defeat a motion for summary judgment. In that case we said:

"* * * If this were not so [the rule that general allegations are insufficient in opposition to

a motion for summary judgment], the real and crucial purposes of summary judgment procedure—to avoid delays and unnecessary costs — would be subverted and thwarted, for if one could simply make a general denial or a bald statement that material facts were in dispute, without the actual statement of such evidentiary facts, there would be few, if any, summary judgments granted. We hold the above allegations failed to disclose a genuine dispute of material facts." 238 Md. at 47.

*Judgment affirmed; appellant to pay costs.*