509 A.2d 1239

Oliver F. LOWMAN, Jr., et ux.

v.

CONSOLIDATED RAIL CORPORATION.

No. 1403, Sept. Term, 1985.

Court of Special Appeals of Maryland.

June 9, 1986.

Certiorari Denied Sept. 4, 1986.

---

66

Richard I. Martel, Jr. (William J. Blondell, Jr., on brief), Baltimore, for appellants.

Kathleen M. Gallogly (C. Carey Deeley, Jr. and Cook, Howard, Downes & Tracy, on brief), Towson, for appellee.

Argued before WILNER, ALPERT and BLOOM, JJ.

BLOOM, Judge.

In an action brought by appellants, Oliver F. Lowman Jr. and his wife, Margaret, against Cornelius Sheppard and appellee, Consolidated Rail Corporation (Conrail), the Circuit Court for Baltimore County (Hennegan, J.) granted Conrail's motion for summary judgment and subsequently, without affording the Lowmans a further hearing as they requested, denied their motion for reconsideration and directed the entry of a final judgment in favor of Conrail pursuant to Md. Rule 2–602(b).

In this appeal, Mr. and Mrs. Lowman assert that the court erred not only in granting the summary judgment but also in refusing their request for hearing on their motion for reconsideration and Conrail's request for entry of final judgment. We find no error in either ruling and, therefore, we will affirm the judgment.

## BACKGROUND

Appellant Oliver F. Lowman Jr. was employed by Conrail. Conrail employees work in various locations, known as

"duty stations," and require transportation from one duty station to another. At the time of the occurrence that gave rise to this case, Conrail had a contract with Lowery Associates, Inc., under which Lowery undertook to transport Conrail employees to their various duty stations, using passenger vehicles.

On October 11, 1979, Mr. Lowman was riding in the front passenger seat of a van owned by Lowery Associates, being transported from one duty station to another. The driver of the van, Robert Dunham, stopped the vehicle in the left lane of Pulaski Highway in order to make a left turn onto Kresson Street. While the van was stopped, it was hit in the rear by a car driven by Cornelius Sheppard, and Mr. Lowman sustained personal injuries.

The Lowmans filed suit against Sheppard and Conrail on October 8, 1982. Sheppard was difficult to locate and was not served with process until July 29, 1985. Mr. Lowman sought damages from Conrail pursuant to the Federal Employer's Liability Act (FELA; 45 U.S.C. § 51 et seq. (1939)), under the theory that Conrail is engaged in interstate rail commerce and that the van used to transport employees between duty stations constituted a work place under the contemplation of that statute. The complaint alleged that the van was an unsafe workplace, and thus a basis for liability, because the driver was attempting to make an illegal left turn; because the van was not properly equipped with seat belts, interior padding, or head rests; and because the van should have had an additional set of brake lights to warn drivers approaching from behind it.

On October 2, 1984, Conrail filed a motion for summary judgment. Attached to the motion was the affidavit of a traffic engineer, who asserted under oath that left turns at that intersection were legal. Also attached were an affidavit by the operator of the van, who swore that the van was properly equipped, and copies of certain of Mr. Lowman's answers to interrogatories and portions of his deposition testimony. Appellants responded on October 18, 1984, in-

cluding in their response other portions of Mr. Lowman's answers to interrogatories and parts of his deposition.

On December 17, 1984, Judge Hennegan heard argument on the motion in his chambers, without a court reporter. The parties were apparently unaware that the court had even ruled on the motion until they later discovered a docket entry to the effect that the motion had been granted and judgment entered in favor of Conrail on December 17, 1984.

On May 3, 1985, Conrail filed a motion for final judgment under Md. Rule 2–602, mislabeled as a motion under Rule 3–602. Appellants filed a response on May 9, 1985, and coupled with it a motion for reconsideration and revision of the order granting summary judgment. Appellants requested a hearing on both motions. The court granted the motion for final judgment on June 5, 1985. No hearing was held.

### Summary Judgment

■ It is well settled that the court may, and should, grant a motion for summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Md. Rule 2–501; *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985); *White v. Friel,* 210 Md. 274, 285, 123 A.2d 303 (1956); *Frush v. Brooks,* 204 Md. 315, 104 A.2d 624 (1954). To satisfy the court that summary judgment is proper, the moving party must demonstrate what the material facts are and that there is no genuine dispute as to them.

■ The court is able to make an initial determination of what issues and facts are possibly in dispute by examining the pleadings. The pleadings will also disclose what facts are material. A material fact is one the resolution of which will somehow affect the outcome of the case. *King v. Bankerd,* 303 Md. at 111, 492 A.2d 608; *Lynx, Incorporated v. Ordnance Products, Inc.,* 273 Md. 1, 8, 327 A.2d 502 (1974). To succeed on a motion for summary judgment,

then, the moving party must, through affidavits or other sworn statements of fact based on personal knowledge, demonstrate that no material fact is actually disputed.

██ If the moving party convinces the court that none of the material facts put at issue by the pleadings is disputed and that on the basis of all the undisputed material facts he is entitled to judgment as a matter of law, judgment should be entered in his favor. *King v. Bankerd*, 303 Md. at 111, 492 A.2d 608. It is thus incumbent upon the other party to demonstrate that there is indeed a genuine dispute as to a material fact. He does this by producing factual assertions, under oath, based on the *personal knowledge* of the one swearing out an affidavit, giving a deposition, or answering interrogatories. *See Hoffman-Chevrolet, Inc. v. Washington County National Savings Bank*, 297 Md. 691, 712, 467 A.2d 758 (1983). "Bald, unsupported statements or conclusions of law are insufficient." *Id.* "It is never sufficient to defeat a motion for summary judgment that the opposing party allege in a general way that there is a dispute as to a material fact...." *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 257, 272 A.2d 42 (1971).

In the instant case, the pleadings (specifically, the original declaration or complaint), by asserting that Conrail was liable under the FELA for failure to provide appellant with a safe workplace, raised the following factual issues:

1. Did the driver of the van attempt to make an illegal left turn?
2. Was the van properly equipped with passive restraint devices and other safety features such as seat belts, head rests, and interior padding?
3. Was the van sufficiently equipped with brake lights?

Conrail's motion for summary judgment answered each of these questions in Conrail's favor and demonstrated that there was no genuine dispute of fact pertaining to those issues. First, Conrail attached to the motion the affidavit of one Kenneth Watkins, whose title is "Transportation

Engineer II." Mr. Watkins made oath, upon personal knowledge, that the records of the Baltimore City Department of Transit and Traffic indicated that on the date of the accident there was no sign indicating that left turns were prohibited at the intersection where the accident occurred. He further swore that such a prohibition formerly existed but had been removed in June of 1977 and had not been reimposed. In connection with that issue, Conrail also attached to its motion part of Mr. Lowman's deposition wherein he testified that he could not remember if there were any "no left turn" signs at the intersection.

Addressing the other two issues, Conrail also attached to its motion portions of the deposition of Mr. Dunham, the driver of the van, who testified that he had inspected the van on the day of the accident and that he "kept it in excellent shape." He swore that "[e]verything was working perfectly, good signal lights, brake lights, and everything." He also avowed that the van was "fully equipped, everything that goes with the van. Seat belts, everything was inside of it."

Conrail thus satisfied the requirements of Md. Rule 2–501. Although it is the burden of the moving party to demonstrate that no material facts are genuinely disputed, once he has presented statements of facts, under oath and upon the personal knowledge of competent witnesses, as to each material fact in issue, it then falls upon his opponent to counter the motion with competent evidence placing at least one of those material facts in dispute. This appellants failed to do.

It is pellucid that

[t]he gravamen of the summary judgment rule ... is that the opposing party must set forth, in his affidavit in opposition to the motion, such facts as would be admissible in evidence ... which show in some detail that there is a genuine dispute regarding at least one material fact. If he is unable to do this, he must explain his inability....

*Brown v. Suburban Cadillac,* 260 Md. at 257, 272 A.2d 42. The only facts appellants presented in support of their response to Conrail's motion were contained in Mr. Lowman's deposition, portions of which were attached to the response. The relevant passages read as follows:

Q Do you remember whether you had your seat belt on?

A I don't believe it was, no. I don't believe there was any in there.

Q Have you ever ridden in that van before?

A Yes.

Q Do you recall wearing a seat belt in that van?

A Like I state, I don't believe there was any in that van.

Q Yes, sir. Do you *know* whether any of the seats *to your recollection* have seat belts?

A No, I don't.

Q Are you able to describe the van in terms of its age or its condition at that time?

A All I know, it was a blue van that they always used. I don't know what year.

Q Was there anything other than its color which you recall in terms of its condition?

A No, I don't.

Q Or its appearance?

A No.

. . . .

Q You don't have any recollection at all of the interior of that van in terms of what the dashboard was like or any of the padding or anything like that, do you?

A No, sir.

. . . .

Q When you moved [after the van was struck], as you just described it, do you recall whether your body or any part of it made contact with any part of the van?

A It seemed like to me I hit the back coming up in here, the top of the bucket seat.

Q You are pointing to the middle of your neck, the back area?

A Right.

Q You are saying that your neck hit the back of the bucket seat. Is that the head rest? Was there a head rest?

A I don't believe there was.

(Emphasis added.)

 To defeat the motion, the respondent must show that there is a *genuine* dispute as to a material fact. Simple allegations that there is a dispute will not suffice. *Brown v. Suburban Cadillac*, 260 Md. at 257, 272 A.2d 42. Furthermore, and more important, an affidavit or other sworn statement of fact to the effect that the allegation is true *to the best of one's knowledge and belief* is *not* sufficient under the rules. *White v. Friel*, 210 Md. at 280, 123 A.2d 303. The sum total of Mr. Lowman's deposition testimony is that as a matter of *fact* he cannot remember whether the van had seat belts, head rests, or interior padding. At best, he could only say that he does not *believe* the van was equipped with these features. Such beliefs are not facts based on personal knowledge, *Hoffman Chevrolet*, 297 Md. at 712, 467 A.2d 758, and are not sufficient to raise a *genuine* dispute as to a material fact. They were thus insufficient to overcome the motion.

Appellants also attached to their response their answer to Conrail's interrogatory number 8, which in part reads that Conrail "failed to equip the vehicle in which Plaintiff was a passenger with an extra set of brake lights which would demonstrate clearly to vehicles approaching from the rear that said vehicle was in a stopped or stopping position." This, however, is a bald assertion completely unsupported by facts. Indeed, in Mr. Lowman's deposition the following colloquy occurred:

Q Do you know what sort of brake lights are on the van?

A No. I didn't check it.

Q Have you checked the brake lights since then?

A No.

Q Just to summarize, you do not know what the traffic controls were at that location other than the light that you mentioned, and you are also not familiar with the equipment on the van, because you did not note it then, and you haven't checked it since, right?

A Yes.

Appellants failed to support any of their allegations with facts based on personal knowledge. Under those circumstances the court below was perfectly justified in granting the motion for summary judgment. We accordingly find no error.

Appellants devote part of their brief to an explication of the standards applicable under the FELA. For example, they urge that it is for the jury to determine whether Conrail's failure to provide seat belts gives rise to liability under the FELA. They further contend that the judge erred by taking that determination from the jury. This argument, however, assumes that there is some question for the jury to decide in the first place. The court ruled, correctly, that no material facts were in dispute. There was thus no issue under the FELA for the jury to even consider.

### Hearing on Motion for Reconsideration

The docket entries for December 17, 1984, read as follows:

Dec. 17, 1984 Hon. A. Owen Hennegan. Hearing had. Defendant (Conrail) motion for summary judgment (# 16): Granted.

Dec. 17, 1984 Judgment entered in favor of the Defendant (Conrail) for costs.

Dec. 17, 1984 Judgment entered.

The parties were not informed that judgment was entered on December 17, 1984, and remained unaware of this development for several months.

■ On May 3, 1985, Conrail filed a motion for final judgment to correct any oversight which may have prevented the parties from discovering the December 17 judgment sooner than they did. Appellants responded on May 9, 1985, with an opposition and a request for a hearing on Conrail's motion, along with a motion for reconsideration and revision of the order granting summary judgment and a request for a hearing on that motion as well. They now insist that their requests for hearings should have been granted pursuant to the mandate of Md. Rule 2–311(f).

Rule 2–311(f) reads as follows:

A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, or 2–534, shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision *that is dispositive of a claim or defense* without a hearing if one was requested as provided in this section.

(Emphasis added.) Appellants contend that their motion for reconsideration and Conrail's motion for final judgment were both dispositive of their claim against Conrail. We disagree. The docket entries clearly reflect that the court did more than merely grant Conrail's motion for summary judgment—it also entered judgment in favor of Conrail. That judgment was dispositive of appellants' claim. By denying the motion for reconsideration, the court merely refused to change its original ruling which had disposed of appellants' claims. That ruling was not "dispositive of a claim or defense," and thus no hearing was mandated under Rule 2–311(f) even though a hearing was requested.

■ Appellants attempt to relate Md. Rule 2–311(f) to Md. Rule 2–602, but their argument is conceptually flawed. They contend that because there was another defendant below, Sheppard, who was not affected by the granting of the motion for summary judgment, Rule 2–602 applies. To

that we agree. That is the clear meaning of Rule 2–602(a). Appellants then argue that the order granting Conrail's motion for summary judgment was not a final judgment. That is also correct. In cases involving multiple parties or multiple claims or both, a ruling which disposes of fewer than all claims *and* all· parties is not a final judgment. Appellants further argue that this order was subject to revision at any time before final judgment ·was entered. That, too, is undeniably true.

■ Appellants conclude from these premises that "the court erred in failing to grant appellants [sic] request for hearing under Md. Rule 2–311(f) in their May 9, 1984 filing since it was the Court's ruling on June 5, 1985 which was finally dispositive of their FELA claim against Appellee." That is a *non sequitur.* Appellants have equated "finality" for purposes of filing an appeal as contemplated by Rule 2–602 with "dispositive" for purposes of a mandatory hearing pursuant to Rule 2–311(f). The two terms are not synonymous. The court's entry of judgment on December 17, 1984, was dispositive of the claims appellants brought against Conrail. The facts that Rule 2–602 prevented that judgment from being immediately appealable and that the court could revise its order up until *final* judgment was entered did not make the judgment any less dispositive of the claim against Conrail than it would have been except for the unresolved claim against Sheppard. The transitive verb "to dispose," as well as the several nouns and adjectives derived therefrom, have a variety of meanings. We believe that as used in Rule 2–311(f) a "dispositive" decision is one that conclusively settles a matter. If the possibility that the court might reconsider or revise its decision would prevent that decision from being dispositive of a claim or defense, then even final, i.e. appealable, judgments could be said not to be dispositive, because even they may be subject to revision. See Md. Rule 2–535. We do not believe Rule 2–311(f) should be so construed.

 We hold, therefore, that Rule 2–311(f) does not require the court to grant a request for a hearing on a motion to reconsider or an application for an order directing the entry of a final judgment pursuant to Rule 2–602(b).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.