567 A.2d 134

**Robert J. SEIDEL, et al.**

v.

**Nicholas C. PANELLA, et ux.**

**No. 116, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

. Dec. 21, 1989.

Certiorari Denied March 9, 1990.

Joseph G. Harrison, Jr. (Williams, Hammond, Moore, Shockley & Harrison, P.A., on the brief), Ocean City, for appellants.

Victor H. Laws, III (Victor H. Laws and Laws & Laws, P.A., on the brief), Salisbury, for appellees.

Argued before MOYLAN, BISHOP and FISCHER, JJ.

FISCHER, Judge.

This case revives the adage that there exist only two requirements in life, one of which is the payment of taxes. Appellants' failure to fulfill this obligation triggered the controversy we are now asked to resolve. At issue is the validity of a final decree entered by the Circuit Court for Worcester County foreclosing appellants' right of redemption on certain tax sale property.

The subject property is lot 1055 located in Montego Bay Mobile Home Park and is improved by a mobile home.[1] Appellants, Robert J. Seidel and Jessie Howard Armentrout, two brothers-in-law who are Baltimore County residents, purchased the property in 1978 for use as a vacation retreat. Whatever the reason, appellants failed to pay the 1985–86 assessed real estate taxes.[2] Consequently, the property was sold to Nicholas and Irene Panella, the appellees, for $1,687.01 during an October 7, 1987 public auction.[3]

On May 12, 1988, the Panellas filed suit to foreclose appellants' right of redemption. A summons directed to the

---

**1.** Appellants proffer the value of the property to be in excess of $60,000.

**2.** Appellants attribute their omission to "an unfortunate miscommunication."

**3.** By this time, two additional years of tax levies had accrued.

Baltimore *City* Sheriff was then issued for service upon the appellants at 8819 Victory Avenue, Baltimore, Maryland 21234. That address, taken from the Worcester County Treasurer's Office, was appellant Seidel's address until 1984. Predictably, the summons was returned, "Not Served 6–3–88. Both parties Moved."

The court then signed an order for publication to appear in a Worcester County newspaper until June 1, 1988. The order notified interested persons that the right to redeem lot 1055 would expire after August 8, 1988. On July 25, 1988, counsel for the Panellas filed an affidavit recounting the inability to personally serve the appellants, stating:

> That the said Nicholas C. Panella also made a diligent search for Robert J. Seidel and Jessie Howard Armentrout by checking the Baltimore and Metropolitan area phonebooks and information bureau for those areas and was unable to locate any residence or whereabouts for Robert J. Seidel or Jessie Howard Armentrout.

A final order ratifying the sale of the subject property and foreclosing appellants' right of redemption was entered on August 10, 1988. The clerk's office mailed a copy of that order to appellants at the incorrect Victory Avenue address. Not surprisingly, it was returned as undeliverable.

When the Panellas took possession of the property, they discovered a propane delivery ticket reflecting a different address for Mr. Armentrout. Upon telephoning the propane company, the Panellas learned Mr. Armentrout's correct address. They wrote informing him of the tax sale and offering to return any personal property. On September 7, 1988, the appellants filed a motion to vacate the decree foreclosing their right of redemption.

Appellants first alleged that they had no knowledge of the sale. They also contended that the affidavit filed by the Panellas' attorney was legally insufficient. Mr. Armentrout's correct address, appellants further argued, could easily have been discovered through a reasonable investigation, including a title search. Moreover, the appellants stated

that the property was occupied periodically during May and June, 1988 and continuously during July, 1988. Last, they noted that a copy of the order for publication was not mailed as required. In sum, appellants asserted that the Panellas' failure to comply with applicable notice requirements constituted constructive fraud.

The Panellas responded, essentially denying appellants' allegations. Both parties requested a hearing on the motion. By order dated October 20, 1988, the court denied appellants' motion to vacate, ruling that their constructive fraud argument was nonmeritorious. A hearing was not conducted.

On October 28, 1988, the Panellas filed a motion to alter or amend, seeking to clarify the order of October 20, 1988. Three days later, appellants moved for reconsideration, arguing, among other things, that a hearing on the motion to vacate was mandatory. On December 16, 1988, the court denied appellants' motion for reconsideration and issued an amended order, again denying the motion to vacate. Appellants subsequently appealed "from the Order of Court Denying [their] Motion to Vacate Decree Foreclosing Right of Redemption entered on October 20, 1988, as amended by Amended Order of Court dated December 16, 1988, and the Order granting [the Panellas'] Motion to Alter or Amend Judgment entered on December 16, 1988."

For convenience, we summarize this chronology as follows:

August 10, 1988—order entered foreclosing appellants' right of redemption

September 7, 1988—appellants filed motion to vacate August 10 order

October 20, 1988—appellants' motion to vacate denied

October 28, 1988—Panellas filed motion to alter or amend October 20 order

October 31, 1988—appellants filed motion for reconsideration of October 20 order

December 16, 1988—appellants' motion for reconsideration denied and amended order entered.

Claiming that appellants have taken "too many bites of the apple," the Panellas seek to dismiss this proceeding. Specifically, they argue that the appellants have forfeited their right to appeal by filing two successive motions to revise. The Panellas also contend that this appeal, filed January 17, 1989, is untimely with respect to the August 10, 1988 judgment which foreclosed appellants' right of redemption. In conjunction, much is made of the fact that appellants did not appeal the denial of their motion for reconsideration. We, however, are not persuaded by these arguments.

The Panellas misstate the procedural posture of this case, and we will attempt to clarify. Admittedly, this scenario has numerous wrinkles; the first concerns the point at which an appealable final judgment was entered.[4] To be appealable, "A judgment must be so final as to determine and conclude rights involved, or deny the appellant means of further prosecuting or defending his rights and interests in the subject matter of the proceeding." *Peat & Co. v. Los Angeles Rams*, 284 Md. 86, 91, 394 A.2d 801 (1978) (quoting *United States Fire Ins. v. Schwartz*, 280 Md. 518, 521, 374 A.2d 896 (1977)). Certainly, the August 10 order foreclosing the right of redemption satisfied this test. *Scheve v. McPherson*, 44 Md.App. 398, 403, 408 A.2d 1071 (1979); Md.Tax–Prop.Code Ann. § 14–844.

▪ Our question, however, concerns the effect of the October 20 order. That order denied appellants' request, under Md.Tax–Prop.Code Ann. § 14–845 and Maryland Rule 2–535, to reinstate their right of redemption. Generally, an appeal from the denial of a Rule 2–535 motion is limited to "whether the hearing judge abused his discretion." *B & K Rentals & Sales Co. v. Universal Leaf Tobacco Co.*, 73

---

4. With certain exceptions, we are authorized to hear appeals only from final judgments. Md.Cts. & Jud.Proc.Code Ann. § 12–301.

Md.App. 530, 537, 535 A.2d 492 (1988); *Radvan–Ziemnow-icz v. Commission on Medical Discipline,* 302 Md. 298, 487 A.2d 650 (1985).

"But," as we stated in *Scheve,* 44 Md.App. at 403, 408 A.2d 1071, "tax sale foreclosure proceedings are unique in many ways." *Scheve,* 44 Md.App. at 403, 408 A.2d 1071. In *Scheve,* we entertained an appeal from an order reinstat-' ing the right of redemption. When the finality of that order was challenged, we opined that the lower court's decision to revive the right of redemption "was the one and final act that adjudicated the rights of the parties and, save for appellate review, terminated the justiciable controversy among them." *Scheve,* 44 Md.App. at 404, 408 A.2d 1071. We hold, therefore, that the denial of appellants' § 14–845 request to reinstate their right of redemption is an appealable order. *See Haskell v. Carey,* 294 Md. 550, 451 A.2d 658 (1982); *Arnold v. Carafides,* 282 Md. 375, 384 A.2d 729 (1978).[5]

█ It follows, then, that the October 20 order was dispositive of appellants' defenses. Maryland Rule 2–311(f) provides:

A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, or 2–534, shall so request in the motion or response under the heading 'Request for Hearing.' Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it

---

5. This conclusion in no way limits the holding of *Lowman v. Consolidated Rail Corp.,* 68 Md.App. 64, 74–77, 509 A.2d 1239, *cert. denied,* 307 Md. 406, 514 A.2d 24 (1986), or *People's Counsel v. Advance Mobilehome Corp.,* 75 Md.App. 39, 540 A.2d 151, *cert. denied,* 313 Md. 30, 542 A.2d 857 (1988). *Lowman* is a multiple claim, automobile accident case in which the plaintiff sought reconsideration of an order grating summary judgment in favor of one defendant. *Advance* is a zoning appeal in which post judgment intervenors sought reconsideration, more than four months after the entry of judgment, of the trial court's earlier denial of a motion to revise. We again emphasize the unique nature of tax sales and distinguish *Lowman* and *Advance* on that basis.

may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

To no avail, both parties requested a hearing on the motion to vacate. As a hearing was warranted, we must remand for further proceedings. *See Arnold,* 282 Md. at 384, 384 A.2d 729.

Within ten days of the October 20 order, the Panellas filed a Rule 2–534 motion to alter or amend.[6] This suspended the finality of the October 20 decision. *Unnamed Attorney v. Attorney Grievance Commission,* 303 Md. 473, 494 A.2d 940 (1985). Three days later, but within ten days of the order, appellants filed a motion for reconsideration.[7] Their motion would also have tolled the running of the time for appeal. *Unnamed Attorney,* 303 Md. at 486, 494 A.2d 940; *Sieck v. Sieck,* 66 Md.App. 37, 502 A.2d 528 (1986). Of course, its practical effect was nugatory.

Not until the December 16, 1988 resolution of both the motion to alter or amend[8] and the motion for reconsideration did the thirty day appeal time begin to run. At that point, an appeal from the December 16 amended judgment was noted. We, therefore, deny the Panellas' motion to dismiss the appeal.

Before continuing our discussion, we must make mention of two pages appended to the Panellas' brief. In support of their motion to dismiss, the Panellas attached a copy of the appellants' Rule 8–205 prehearing information report. Such conduct was an egregious breach of confidentiality and a

---

**6.** Interestingly, that motion refers to the October 20 decision as a "judgment."

**7.** As ten days would have lapsed on a Sunday, the time was extended to Monday, October 31. Appellants filed their motion for reconsideration on October 31.

**8.** The motion to alter or amend was granted without benefit of a hearing although a hearing was mandated by Rule 2–311(e). Appellants did not raise this issue, but we feel compelled to comment on it nonetheless..

blatant violation of Rule 8–206(d). We are inclined to award sanctions, but are unable to do so without a precise statement of the attorneys' fees incurred while responding to the motion to dismiss.

■ As we will remand for a hearing on the motion to vacate, we note that the lower court may reopen the judgment by means of its general revisory power. Md.Cts. & Jud.Proc.Code Ann. § 6–408; Maryland Rule 2–535. A finding under § 14–845 of the Tax–Property Article (fraud or lack of jurisdiction) is not required. *Haskell v. Carey,* 294 Md. at 558–560, 451 A.2d 658. In *Haskell,* the Court of Appeals construed Art. 81, § 113, the precursor to § 14–845 of the Tax–Prop. Article. Section 113 provided that a final order foreclosing the right of redemption could be reopened only "on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. . . ." Similar language is contained in the current Tax–Prop. Article, § 14–845. A conflict appeared to exist between § 113 and the general revisory power set forth in § 6–408 of the Courts Article. Pursuant to § 6–408, the courts retained broad revisory power over a judgment for thirty days. The Court of Appeals gave full effect to both § 113 and § 6–408, however, by concluding that § 113 applied only to enrolled judgments, judgments after which thirty days had lapsed. *Haskell,* 294 Md. at 558–560, 451 A.2d 658. As the appellants in the present case moved to vacate the October 20 order within thirty days of its entry, the court retained discretionary power to revise the judgment.

Of course, constructive fraud, if timely alleged and sufficiently proven, will nonetheless warrant reopening of the judgment. *Jannenga v. Johnson,* 243 Md. 1, 5, 220 A.2d 89 (1966). Constructive fraud involves the breach of a legal or equitable duty. Neither dishonesty nor an actual intent to deceive are required. *Scheve,* 44 Md.App. 406, 408 A.2d 1071. Appellants contend that several acts or omissions by the Panellas constituted constructive fraud.

First, they argue that the affidavit delineating efforts to locate the appellants was defective both in form and substance. The Panellas' counsel filed the affidavit which purportedly recounts Mr. Panella's, not the affiant's, effort to locate appellants. Not until September 28, 1988, in response to appellants' motion to vacate was Mr. Panella's own affidavit filed. This subsequent affidavit was, however, untimely. The appellants further claim that merely checking area phonebooks was not an adequate attempt to discover their correct address. *Arnold*, 282 Md. 375, 384 A.2d 729. Appellants note that their current address appears on Worcester County Sanitary District records and Ocean City Water Department records. Appellants also state that, pursuant to recorded covenants, the property is subject to an annual maintenance fee collected by the Montego Bay Civic Association whose records bear appellants' current mailing address. These three sources, appellants claim, should have been examined during the title search required by Tax–Property Art., § 14–839(a)(1)(i) and would have provided the correct information.

Appellants also contend that the requisite mailing of the publication order was not accomplished. Tax–Property Art., § 14–839(a)(4). In turn, no affidavit certifying compliance with this requirement was filed. Tax–Property Art., § 14–839(a)(4). The sum of appellants' allegations, if proven to the satisfaction of the trial court, is sufficient to constitute constructive fraud. *See Arnold*, 282 Md. 375, 384 A.2d 729; *Jannenga*, 243 Md. 1, 220 A.2d 89. We reiterate, though, that constructive fraud is not a prerequisite for reopening the judgment. The court may instead choose to exercise its broad revisory power.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR WORCESTER COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY THE APPELLEES.