742 A.2d 522

Martin PARKER, a minor, etc., et al.

v.

HOUSING AUTHORITY OF BALTIMORE CITY.

No. 1744, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Dec. 15, 1999.

Bruce D. Powell (Saul E. Kerpelman, on the brief), Baltimore, for appellants.

J. Marks Moore III (Andrew M. Winick and Wilson, Elser, Moskowitz, Edelman & Dicker, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ROBERT F. FISCHER (Retired, Specially Assigned), and GARY G. LEASURE (Specially Assigned), JJ.

MURPHY, Chief Judge.

In the Circuit Court for Baltimore City, appellant Martin Parker, through his mother and next friend, Torice Bonner, filed suit against his former landlord, appellee Housing Authority of Baltimore City, alleging that he had suffered brain injuries as the result of exposure to lead-based paint on appellee's premises. The case was dismissed without prejudice and appellant now presents the following issues for our review:

I.    Did the trial court have the power to order the minor Appellant's mother, a non-party, to submit to a mental examination pursuant to Maryland Rule 2–423?

II. Did the trial judge err by granting the Appellee's motion to dismiss without a hearing when a timely request for a hearing had been made pursuant to Maryland Rule 2–311(f) and the decision was dispositive of Appellant's claims?

III. Did the trial court err by dismissing the minor Appellant's claims without prejudice and ordering that he not re-file those claims until he attains the age of majority.

For the reasons that follow, we hold that (1) the lack of authority to order that a non-party witness submit to a mental examination is distinguishable from the right to exclude certain evidence unless the non-party has been examined, and (2) appellant's claims should not have been dismissed without a hearing.

## Background

On January 15, 1997, appellant filed a third complaint in the circuit court.[1] In December of 1997, appellee moved for an order compelling appellant to submit to a mental examination. The Honorable Thomas E. Noel granted that motion and the appellant appeared for the scheduled psychological examination. On May 14, 1998, appellee moved to compel Bonner to submit to a mental examination. Although that motion was contested by appellant, Judge Noel ordered that Bonner be examined by neuropsychologist Sue Ellen Antell, Ph.D. ("Dr.Antell") on July 7, 1998. Bonner did not appear.

On July 24, 1998, appellee filed a motion to dismiss due to Bonner's failure to comply with a discovery order. Appellant filed a timely opposition to that motion, in which he asserted

---

1. Appellant's first complaint, filed in April of 1991, was dismissed for lack of prosecution under Maryland Rule 2–507. A second complaint was filed in October of 1994. During discovery in that case, appellee arranged to have an expert neuropsychologist examine both appellant and Bonner. Neither appellant nor Bonner appeared for the scheduled examinations. As a result, appellant's claims were voluntarily dismissed without prejudice and Bonner's individual claims for loss of services were voluntarily dismissed with prejudice.

that (1) Bonner could not be compelled to submit to a mental examination under Rule 2–423, and (2) Bonner's actions could not be allowed to prejudice his claims. Appellant requested a hearing on the motion to dismiss. On August 24, 1998, the Honorable William D. Quarles granted appellee's motion to dismiss without a hearing, and ordered that appellant could not re-file his claim before reaching the age of majority.

## I.

■ Appellant argues that the circuit court did not have the authority to order Bonner, a non-party, to submit to a mental examination. Maryland Rule 2–423 provides in pertinent part:

When the mental or physical characteristic of a party or of a person in the custody or under the legal control of a party is in controversy, the court may order the party to submit to a mental or physical examination by a suitably licensed or certified examiner ...

■ When the circuit court granted the motion compelling Bonner's mental examination, Bonner was neither a party to the case nor a person in the custody or legal control of a party.

'The [next friend] is, in contemplation of law, admitted by the court to prosecute for the infant; though, according to the practice of our courts, never by any actual order passed for that purpose. He becomes an officer of the court, and subject to its orders and directions ... He stands very much in the relation of an attorney to the case, and as it is supposed that he is appointed by the court, it is competent at any time for the court to revoke his authority and remove him, and if it be necessary to appoint another in his place.'

*Berrain v. Katzen,* 331 Md. 693, 703, 629 A.2d 707 (1993)(quoting *Deford v. State, Use of Keyser,* 30 Md. 179 (1869)). Maryland Rule 2–423 does not authorize the circuit court to order an examination of a non-party next friend.[2]

---

**2.** As we interpret the Rule we are required to apply "the same standards of construction that apply to the interpretation of a statute" and

■ Nevertheless, it is clear that the examination of Bonner is of fundamental importance to appellee's defense. In her affidavit supporting appellee's motion to compel the examination, Dr. Antell asserted:

Under these circumstances, it is typical for a neuropsychologist to perform an evaluation of the mother in order to establish a "baseline" of anticipated function for evaluation of the child. Because the alleged injuries are directly related to factors associated with maternal functioning, an assessment of the contribution of maternal factors is needed to identify an etiology.

The need for an evaluation of [Bonner] is based upon the body of scientific evidence which establishes a genetic relationship between parental and child IQs in the area of intellectual development ... [A] significant component of intellectual development is determined by hereditary rather than environmental factors.

Although the circuit "court cannot order a non-party witness to be examined by a psychiatrist," it has the authority to condition a "witness's testimony on a prior examination." *United States v. Ramirez*, 871 F.2d 582, 584, *cert. denied*, 493 U.S. 841, 110 S.Ct. 127, 107 L.Ed.2d 88 (1989). Accordingly, if (1) Bonner refuses to submit to a mental examination, and (2) the circuit court is persuaded that such a refusal unfairly prohibits appellee from countering a particular opinion expressed by appellant's expert, the court could prohibit appellant's expert from testifying to that opinion.

■ The authority for such a ruling appears in Maryland Rules 5–403 and 5–702. Rule 5–403 expressly authorizes the exclusion of relevant evidence when its probative value would be outweighed by the danger of unfair prejudice. *Myers v. Celotex Corp.*, 88 Md.App. 442, 454, 594 A.2d 1248 (1991). If an opinion based on the child's test results is useless unless those results can be compared to the mother's test results, an

therefore "construe the words in the text in accordance with their ordinary and natural meaning." *Wiegmann v. State*, 118 Md.App. 317, 335–36, 702 A.2d 928 (1997), *aff'd*, 350 Md. 585, 714 A.2d 841 (1998).

opinion based only on the child's test results would be excluded under Rule 5–702(3), for lack of "sufficient factual basis." An expert's opinion "has no probative force unless there is a sufficient basis upon which to support [the expert's] conclusions." *N.B.S., Inc. v. Harvey,* 121 Md.App. 334, 340, 709 A.2d 162 (1998) (quoting *Worthington Constr. Corp. v. Moore,* 266 Md. 19, 29, 291 A.2d 466 (1972)).

## II.

Appellant asserts that HABC's motion to dismiss should not have been granted without a hearing. We agree. The circuit court

> may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

Maryland Rule 2–311(f). A decision is dispositive when it "conclusively settles a matter." *Lowman v. Consolidated Rail Corp.,* 68 Md.App. 64, 76, 509 A.2d 1239, *cert. denied,* 307 Md. 406, 514 A.2d 24 (1986). An order of dismissal without prejudice conclusively settles the matter.

> [A] dismissal of the plaintiff's entire complaint 'without prejudice' does not mean that the case is still pending in the trial court and that the plaintiff may amend his complaint or file an amended complaint in the same action. Rather the case is fully terminated in the trial court ... The effect of the designation 'without prejudice' is simply that there is no adjudication on the merits and that, therefore a suit on the same cause of action is not barred by principles of res judicata.

*Moore v. Pomory,* 329 Md. 428, 432, 620 A.2d 323 (1993)(internal citations omitted). The order of dismissal should not have been entered without a hearing.

In *Berrain v. Katzen,* 331 Md. 693, 629 A.2d 707 (1993), the Court of Appeals stated that a

> trial court has a special duty to protect the rights and interests of the minor plaintiff who is represented by next friend to ensure that the next friend does not prejudice

those rights and interests through conflict of interest, fraud, or in this case, neglect.

*Id.* at 711, 629 A.2d 707. The minor appellant should not be prejudiced by the actions of his mother.

Rule 2–433(a) provides the trial court with several approaches to correcting the next friend's failure to comply with discovery requests short of dismissal with prejudice. Under Rule 2–202(b), upon finding that the next friend has breached her obligations to proceed with diligence under the rules, the trial court may properly remove the next friend and replace her with a new next friend, willing to risk the costs of litigation, to proceed with the cause of action. If no one can be found who is willing to take on that responsibility, the actions of the infant Appellant should be dismissed without prejudice so that the actions may be pursued by them when they reach the age of majorities.

*Id.* This case is remanded for a hearing at which the circuit court shall (1) consider the effect of Bonner's refusal to submit to a mental evaluation on appellant's case, and (2) evaluate the potential need to appoint a new next friend.

### III.

Because we have remanded this case for a further hearing, we do not reach the now premature issue of whether the circuit court erred in dismissing appellant's claim without prejudice.

**CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; 50% OF COSTS TO BE PAID BY APPELLANT; 50% OF COSTS TO BE PAID BY APPELLEE.**