73 A.3d 1180

Donzella PELLETIER

v.

John S. BURSON, et al., Substitute Trustees.

No. 1250, Sept. Term, 2011.

Court of Special Appeals of Maryland.

Aug. 30, 2013.

Matthew J. Dyer (McGill & Woolery, on the brief), Upper Marlboro, MD, for Appellant.

Bizhan Beiramee, Bethesda, MD (Williams M. Savage, Shapiro Brown & Alt, LLP, on the brief), Manassas, VA, for Appellee.

Panel: KRAUSER, C.J., WATTS and J. FREDERICK SHARER, (Retired, Specially Assigned), JJ.

SHARER J.

In this mortgage foreclosure case, Donzella Pelletier appeals from the judgment of the Circuit Court for Prince George's County denying her Motion to Dismiss and Amended Motion to Dismiss.

Appellant presents two questions for review, which we have rephrased: [1]

I.   Did the circuit court err by denying appellant's motion to dismiss and amended motion to dismiss?

II.  Did the circuit court err by denying appellant's motions without holding a hearing when a hearing was requested?

Finding no error, we affirm the judgment of the circuit court.

## BACKGROUND

This appeal arises out of a foreclosure proceeding initiated by the substitute trustees against appellant upon her default on mortgage payments secured by property she purchased in Fort Washington, Prince George's County.

---

1.  Appellant phrased her questions presented, as follows:
    I.   Whether the lower court erred in denying the appellant's motion to dismiss and request for a hearing and amended motion to dismiss and request for a hearing?
    II.  Whether the lower court erred in denying the appellant's motion to dismiss and request for a hearing and amended motion to dismiss and request for a hearing without holding a hearing?

The mortgage loan in question was established on November 19, 2007, in the amount of $294,000. By March 2, 2009, appellant had defaulted by failing to make payments. On August 13, 2009, appellees filed an Order to Docket Foreclosure.

A foreclosure sale was scheduled, but postponed twice while appellant and the lender discussed loan modification and forbearance agreements. Those efforts having failed, the property was sold on May 11, 2010. A report of sale was filed the same day and the notice of sale was issued on May 17, 2010. On June 8, 2010, appellant filed a motion to stay the ratification of the sale, but on November 12, 2010, prior to the scheduled hearing, she withdrew the motion and requested the court to lift the stay. On December 22, 2010, the Order of Ratification was entered, and on April 7, 2011, after the filing of the auditor's report, the court ratified the sale and ordered that the case be "closed statistically."

On June 13, 2011, some 65 days after the case was closed, appellant filed a *pro se* motion to dismiss and request for hearing, and on June 22, 2011, filed a *pro se* amended motion to dismiss and request for hearing. In her motions, appellant alleged that the signatures of the substitute trustees were fraudulent, the lender bank acted in bad faith, and that she had had inadequate legal representation in the course of the foreclosure proceedings. Appellant averred in her motions that the "Trustees' fraud was discovered by two attorneys in September–October 2009[.]"

The circuit court denied appellant's motions without a hearing. In an accompanying memorandum, the court explained that the motions were not timely filed under either Md. Rule 14–211 or Md. Rule 2–535, and that "[w]ith these missed deadlines in mind, the only grounds for relief [appellant] may assert at this stage is fraud, mistake or irregularity [pursuant to Maryland Rule 2–535(b)]." The court found that "even if the fraudulent affidavits [appellant] complains of were viewed

as intentionally false representations, [they did] not amount to the required extrinsic fraud [under Md. Rule 2–535(b) ]."

Appellant's timely appeal followed.

## DISCUSSION

### I. Maryland Rule 2–535(b)

■ Appellant asserts that she filed her motions to dismiss predicated on the authority of Md. Rule 2–535(b), which "allows a motion to be filed by a party at any time to seek the court's revisory power and control of a judgment only in the case of fraud, mistake, or irregularity." [2] She contends that "the affidavits attached to the Order to Docket [suit] were fraudulently signed and were 'robo-signed' " and that she was not aware of the fraud until after the sale date. Appellant argues that the trial court erred in denying her motions because the affidavits could "be considered either an irregularity, fraud, or both[.]"

Appellees respond that "even if Appellant could reopen the case, she could not challenge the substitute trustee's right to foreclose or the validity of the debt, as such challenge should have been made in 2010 before the sale." They argue that appellant's allegations do not amount to extrinsic fraud, that there are no facts to support reopening the case on grounds of irregularity and/or mistake, and finally, that appellant does not have a meritorious defense to the underlying foreclosure action and did not act in good faith, or with ordinary diligence.

■ "We review the circuit court's decision to deny a request to revise its final judgment under the abuse of discretion standard. The effect of a final ratification of sale is *res judicata* as to the validity of such sale, except in the case of

---

**2.** Because appellant filed her motions to dismiss "under the authority of Md. Rule 2–535(b)[,]" we conclude that appellant concedes that her Rule 2–535(a) and 14–211 motions were untimely filed. We agree with the circuit court that appellant's motions were untimely filed and her only available recourse was pursuant to Rule 2–535(b). Accordingly, we limit our discussion to whether appellant was entitled to relief under Rule 2–535(b).

fraud or illegality." *Jones v. Rosenberg,* 178 Md.App. 54, 72, 940 A.2d 1109 (2008).

■ Maryland Rule 2–535(a) provides, in pertinent part: "On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment...." Md. Rule 2–535(b) is an exception to the general rule and provides: "On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity." "The existence of fraud, mistake, or irregularity must be shown by 'clear and convincing evidence.'" *Davis v. Attorney Gen.,* 187 Md.App. 110, 123–124, 975 A.2d 362 (2009) (quoting *Das v. Das,* 133 Md.App. 1, 18, 754 A.2d 441 (2000)). "Maryland courts have narrowly defined and strictly applied the terms fraud, mistake, [and] irregularity, in order to ensure finality of judgments." *Thacker v. Hale,* 146 Md.App. 203, 217, 806 A.2d 751 (2002).

■ "An irregularity is the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done." *Davis,* 187 Md.App. at 125, 975 A.2d 362 (internal quotation marks omitted). "Furthermore, an irregularity in the contemplation of Rule 2–535(b) is not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a [party] had notice and could have challenged, but a nonconformity of process or procedure." *Id.* (internal quotation marks omitted). "Courts, therefore, have held that if the judgment under attack was entered in conformity with the practice and procedures commonly used by the court that entered it, there is no irregularity justifying the exercise of revisory powers under Rule 2–535(b)." *De Arriz v. Klingler-De Arriz,* 179 Md.App. 458, 469, 947 A.2d 59 (2008) (internal quotation marks omitted).

■ "To establish fraud under Rule 2–535(b), a movant must show extrinsic fraud, not intrinsic fraud." *Jones,* 178 Md.App. at 72, 940 A.2d 1109. "Fraud is extrinsic when it actually prevents an adversarial trial but is intrinsic when it is

employed during the course of the hearing which provides the forum for the truth to appear, albeit, the truth was distorted by the complained of fraud." *Id.* at 73, 940 A.2d 1109. The rationale is that

> [O]nce parties have had the opportunity to present before a court a matter for investigation and determination, and once the decision has been rendered and the litigants, if they so choose, have exhausted every means of reviewing it, the public policy of this State demands that there be an end to that litigation ... [.] This policy favoring finality and conclusiveness can be outweighed only by a showing that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy.

*Id.* (internal quotation marks omitted).

■■■ "Under Maryland law, an enrolled judgment can be set aside for mistake or irregularity. Mistake is limited, however, to jurisdictional error, such as where the Court lacks the power to enter judgment." *Green v. Ford Motor Credit Co.*, 152 Md.App. 32, 51, 828 A.2d 821 (2003).

Appellant has not argued any irregularity with the foreclosure process or procedure. Indeed, the record is devoid of even a hint of irregularity that would warrant the re-opening of this ratified foreclosure sale.

Appellant's assertions of fraud related to what she believes to have been fraudulent signatures and affidavits, do not rise to the level of extrinsic fraud. The alleged fraud did not prevent an adversarial trial, but, had such existed, would have been contained within the trial itself.

Finally, appellant makes no allegations of jurisdictional mistake.

In narrowly construing the terms of irregularity, fraud, and mistake, and considering the public policy favoring finality of judgments, we conclude that the facts do not warrant the setting aside of the ratified foreclosure proceedings. Accord-

ingly, the circuit court did not abuse its discretion by denying appellant's motions.[3]

## II. Denial of appellant's motions without a hearing

■■■ Appellant argues that the circuit court erred by denying her motions to dismiss without holding a hearing, as she requested, because the court's ruling was "dispositive of a claim or defense." Appellees respond that "because the foreclosure sale had been ratified, the case was already closed ... [and, therefore,] Appellant's motion to reopen the case was ... not dispositive so as to require a hearing under Maryland Rule 2–311(f)." Appellees further contend that "a foreclosure proceeding is not a civil case" and "[g]iven that the underlying judgment did not require a hearing, the Court did not abuse its discretion in determining that a hearing was not required to reopen such judgment[.]"

Maryland Rule 2–311(f) provides

A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, or 2–534, shall request the hearing in the motion or response under the heading "Request for Hearing." The title of the motion or response shall state that a hearing is requested. Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but the court may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

■■■ "[A] dispositive decision is one that conclusively settles a matter. If the possibility that the court might reconsider or revise its decision would prevent that decision from being dispositive of a claim or defense, then even final, *i.e.*

---

3. We note further that appellant's motions to dismiss aver that the "fraud" was discovered in the fall of 2009, but she claims on appeal that she was not aware of the fraud until after the sale was ratified in December of 2010. Any issue of alleged fraud should have been brought to the court's attention prior to the ratification of the foreclosure sale.

appealable, judgments could be said not to be dispositive, because even they may be subject to revision." *Lowman v. Consolidated Rail Corp.,* 68 Md.App. 64, 76, 509 A.2d 1239 (1986).

The dispositive action in this case was the ratification of the sale itself, not the denial of appellant's motion to re-open. *See Lowman,* 68 Md.App. at 75, 509 A.2d 1239 ("By denying the motion for reconsideration, the court merely refused to change its original ruling which had disposed of appellants' claims. That ruling was not 'dispositive of a claim or defense,' and thus no hearing was mandated under Rule 2–311(f) even though a hearing was requested.")

It was only after the foreclosure sale was ratified, the auditor's report was filed, and the court ordered the case to be closed statistically, that appellant challenged the propriety of the sale. Appellant had the opportunity to file exceptions, and did so, but subsequently withdrew her motion because she "could not financially support her loan" and she had been "afforded a fundamentally fair process of loss mitigation."

Accordingly, a hearing was not required and the court did not err by denying appellant's motions without holding a hearing.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, AFFIRMED. COSTS ASSESSED TO APPELLANT.**